The opinion of the court was delivered by
Spencer, J.
This appeal is taken from a judgment of the court of probates homologating the final account and tableau of distribution presented by the administrator of the insolvent succession of Theophile Gollain.
The grounds of opposition to said account and tableau of distribution urged by appellant are as follows, to wit:
First. — That the clerk’s costs, the notary’s fees, and the cost for ¡advertising the sale of real estate are improperly charged.
Secondly. — That the administrator’s commission is improperly ■charged on the sale of property sold by executory process dehors the succession.
Thirdly. — That the claims of the physician and the nurse for services in the last illness are improperly charged.
Fourthly. — That the administrator is responsible for the loss of the •sum of three hundred dollars, resulting from his neglect and refusal to compel a certain solvent person to comply with his bid at the sheriff’s ¡sale of some real estate of the succession.
1. We find in the account items as follows :
“ Clerk’s costs paid Pace, clerk, $50.
“ Clerk’s costs paid Herbert, clerk, $42 50.
“ Notary fees for family meeting, $10.”
We find no detailed bills of these clerk’s costs in the record — either by way of proof or voucher. It seems there was considerable contest for administration, several persons claiming it. Appellant contends that the costs of these contests, so far as relates to the unsuccessful applicants, are not chargeable to the estate, and in this he is clearly right. But on the record as presented we can not determine what part of these •costs are properly chargeable. It was the duty of the administrator to have filed detailed bills, and we shall remand the case, to allow the account to be revised in this regard.
The costs of holding a family meeting to appoint a tutor are not •chargeable to the succession, if the minors have means of their own. In this case they are allowed the homestead of $1000, and these costs should be deducted from that amount.
2. The administrator is not entitled to his commissions on the proceeds of the sale of property sold under executory process of the ordinary courts, and which did not come into his hands for administration and distribution. 10 A. 258.
3. The claims of the physician and nurse in last illness were opposed on the ground that the services were not rendered. They are sufficiently *175 proven; and the objection, made in this court and in the brief of counsel only, that they were not recorded as privileges, was not pleaded and can not be now noticed. Non constat that if this defense and objection had been made below registry would not have been proven. The opposition to these items was properly overruled.
4. The sale referred to was not one made by the administrator or by the probate court. It was an executory proceeding in the Fifth Dis-trict Court, and the sale was made by the sheriff, who was not under the •control of the administrator. Nor is the administrator responsible for the sheriff’s illegal acts, if illegal they were, upon which we express no opinion. This ground of opposition was properly overruled.
It is therefore ordered, adjudged, and decreed that the judgment ■appealed from be amended as follows : first, by rejecting the administrator’s commissions on the proceeds of the property of the succession sold under executory process at the suit of the mortgage creditors ; 2d, toy the item of $10 notary’s fees for holding family meeting being •charged to and upon the minors’ claim of homestead; and, 3d, by remanding the case as to the two said items of clerk’s costs, to ascertain what portion thereof is properly chargeable to the succession under the -views above expressed.
It is further ordered that in all other respects said judgment be affirmed, and that the costs of appeal be paid by appellee.